**FILED**
**February 20, 2024**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Blackhawk Mining,**
**Employer Below, Petitioner**

**vs.)** **No. 22-565** (BOR Appeal No. 2057623)
(JCN: 2021011764)

**Randall Stover,**
**Claimant Below, Respondent**

# MEMORANDUM DECISION

Petitioner Blackhawk Mining appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"), dated June 8, 2022. Respondent Randall Stover filed a timely response.[1] The issues presented on appeal regard the addition of components in the claim and Mr. Stover's entitlement to requested medical treatment. The claims administrator denied the request for authorization for physical therapy for the lumbar spine and denied a referral to neurosurgery in an order dated November 25, 2020. By order dated January 28, 2021, the claims administrator denied the addition of radiculopathy of the lumbosacral region as a compensable diagnosis in the claim. Finally, on February 25, 2021, the claims administrator denied another request for a referral to neurosurgery. The Workers' Compensation Office of Judges ("Office of Judges") affirmed all three claims administrator orders in a final decision dated December 6, 2021. In its order, the Board of Review reversed and vacated the decision of the Office of Judges. The Board of Review granted Mr. Stover's request to add radiculopathy of the lumbosacral spine as a compensable component of the claim and granted the request for a referral to a neurosurgeon for radiculopathy of the lumbosacral region. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Stover injured his lower back and leg when he slipped and fell while working as a coal miner for the employer on September 20, 2020. He sought treatment at MedExpress on September 21, 2020, where lumbar spine x-rays showed no acute fracture. Intervertebral disc spaces were narrowed from degenerative disease at L5-S1 and T12-L1 by mild to moderate degrees. There was

---

[1]Blackhawk Mining is represented by Jane Ann Pancake and Jeffrey B. Brannon, and Randall Stover is represented by Gregory S. Prudich.

some mild spur formation involving multiple lumbar vertebral bodies and sclerotic lower facet joints from the degenerative facet arthropathy mainly from L4-S1. Mr. Stover was diagnosed with a sprain of the ligaments of the lumbar spine. He was given an injection of Toradol and provided with work restrictions of no bending/stooping, pushing/pulling, reaching, fine manipulation, or overhead reaching. He was to return to work on modified duty on September 21, 2020. By order of the claims administrator dated September 25, 2020, the claim was held compensable for lumbosacral strain.

Mr. Stover returned to MedExpress on September 28, 2020, where he reported that his pain "continues in the right lower back and down the right posterior thigh." Lisa Ogie, a physician's assistant, noted paraspinous tenderness in the lower back and sacroiliac joint tenderness. Mr. Stover was diagnosed with sprain of ligaments of the lumbar spine, subsequent encounter and radiculopathy, lumbosacral region. He was prescribed prednisone and referred to a neurosurgeon.

An MRI of the claimant's lumbar spine performed on October 13, 2020, revealed (1) mild thecal sac narrowing at L2-L3; (2) moderate right foraminal narrowing at L4-L5; and (3) a diffuse disc bulge with a small posterior central protrusion at L5-S1 that comes in close proximity with the descending right S1 nerve root. It was also found that the extraforaminal portion of the disc osteophyte complex on the right contacts the right L5 nerve root. Mild right foraminal narrowing was found, as well as mild thecal sac narrowing.

Mr. Stover continued to complain of back pain and returned to MedExpress on October 22, 2020. It was noted that the physicians were waiting on approval for a referral to a neurosurgeon. In the meantime, he was evaluated by Prasadarao Mukkamala, M.D., on November 16, 2020. In his independent medical report, Dr. Mukkamala noted that Mr. Stover complained of "pain in the low back with radiation to the right lower extremity." Dr. Mukkamala diagnosed a lumbar strain and preexisting degenerative spondylosis, which was not related to the work injury. Dr. Mukkamala stated that "the most effective modality of treatment for this injury will be the physical therapy. There is no indication for referral to the neurosurgeon." Dr. Mukkamala explained that Mr. Stover "continues to have symptoms, but there is no surgically remediable condition and there is no radiculopathy and therefore, there is no indication for neurosurgery referral."

By order dated November 25, 2020, the claims administrator denied the request from MedExpress for a referral to a neurosurgeon, considering Dr. Mukkamala's assessment that there was no indication for a referral to a neurosurgeon. It was noted that Dr. Mukkamala opined that Mr. Stover would be at maximum medical improvement after four weeks of physical therapy. Mr. Stover protested this decision.

Mr. Stover returned to MedExpress on December 1, 2020, complaining of additional low back pain in his lumbar spine with radiation to his right left extremities. A full range of motion was observed during extension in the lower back; however, Mr. Stover reported that it was painful. The diagnosis remained the same, and he was referred to physical therapy. At his first physical therapy appointment on December 15, 2020, Mr. Stover reported no numbness or tingling;

however, he reported intermittent pain in the right lower extremity to the knee. The physical therapist noted that Mr. Stover suffered "radicular pain."

Mr. Stover was seen for a follow-up at MedExpress on January 5, 2021, and reported that his condition had not improved with physical therapy. During examination, Mr. Stover exhibited "pain with bending and radiation of pain to the right hip area." The diagnoses continued to be sprain of ligaments of the lumbar spine, subsequent encounter, and radiculopathy of the lumbosacral region, subsequent encounter. A Workers' Compensation Duty form was provided stating that he was able to return to modified work duty as of January 5, 2021. Mr. Stover was placed upon restrictions limiting bending/stooping, kneeling, and pushing/pulling. He was also to continue his physical therapy, as scheduled.

By letter dated January 7, 2021, Mr. Stover's attorney requested that lumbar radiculopathy be added as a compensable condition in the claim. The request was denied by the claims administrator in an order dated January 28, 2021. The claims administrator concluded that radiculopathy of the lumbosacral region is not a compensable condition in the claim and is preexisting based upon the degenerative findings of Dr. Mukkamala in his independent medical evaluation dated November 16, 2020. Mr. Stover protested this decision.

Mr. Stover continued his physical therapy schedule. On January 14, 2021, a Patient Comparison Re-Assessment form issued by Renew Physical Therapy recorded that he continued to have constant pain in the lower back and intermittent/daily episodes of right lower extremity radicular pain mostly to the knee. The intensity of the pain increased while traveling and during periods of sustained sitting. Mr. Stover indicated that his pain was aggravated while riding on a mantrip to enter the coal mine.

In a telephonic deposition conducted on January 19, 2021, Mr. Stover testified that he was currently working modified duty and had not missed any work since the date of injury. He discussed his job duties and responsibilities and explained that when he was injured on September 20, 2020, he experienced sharp pain in the lower right side of his back. In time, the pain began to worsen, transferring down his right leg with numbness in his buttock and leg area. He stated that he experiences sharp, almost intolerable pain through his legs and down his back when he moves certain ways.

On January 25, 2021, the claims administrator denied adding radiculopathy of the lumbosacral region as a compensable diagnosis in the claim. Mr. Stover sought a referral to a neurosurgeon for further evaluation and treatment of his injury, but his request was denied by the claims administrator on February 25, 2021. The claims administrator noted that Dr. Mukkamala found Mr. Stover to be at maximum medical improvement from his work-related lumbosacral strain injury. The claims administrator orders were protested and both parties submitted evidence in support of their respective positions.

DeeDee Daniel, DPT, Mr. Stover's physical therapist, testified via deposition on April 16, 2021, about her evaluations, testing, and findings. She testified that radiculopathy is peripheral in nature and can sometimes be limited to pain, but often there is numbness and tingling in the

extremities. She stated that Mr. Stover's complaints were radicular in nature and intermittent in the right lower extremity with constant pain in the back. Ms. Daniel stated that the claimant's right lower extremity complaints were consistent with L5-S1 nerve root which were consistent with the MRI findings and his complaints. In her opinion, there is clinical and diagnostic evidence of radiculopathy. Although Ms. Daniel stated that physical therapists don't typically make medical diagnoses, she testified that it would be more than likely than not that Mr. Stover's radiculopathy related to the compensable injury of September 20, 2020. She also stated that a neurosurgical consultation would be medically appropriate and would be necessary because of the compensable injury. Ms. Daniel agreed that Mr. Stover has degenerative changes in his spine, but she testified that mild degenerative changes rarely cause or account for radicular symptoms.

Dr. Mukkamala performed a second evaluation on June 10, 2021. He diagnosed Mr. Stover with a lumbar sprain. Regarding the addition of radiculopathy as a compensable condition, Dr. Mukkamala disagreed with the treating provider's recommendation to add the condition to the claim, as well as a referral to a neurosurgeon. Dr. Mukkamala stated that based upon the examinations performed by MedExpress, the diagnosis of lumbosacral radiculopathy is totally erroneous. It was Dr. Mukkamala's professional opinion that there is no objective evidence of radiculopathy and no indication for a referral to neurosurgery. Dr. Mukkamala found Mr. Stover to be at maximum medical improvement without any need for additional medical treatment.

Mr. Stover received an independent medical evaluation from Bruce A. Guberman on August 19, 2021. In his report, Dr. Guberman stated that he reviewed the clinical history and performed a physical examination before concluding that Mr. Stover had reached maximum medical improvement from his compensable injury. The impression listed was chronic post-traumatic strain of the lumbosacral spine with disc bulge and posterior central protrusion at L5-S1 causing right-sided radiculopathy. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Guberman found 5% whole person impairment from Table 75 and 9% whole person impairment for range of motion abnormalities. By utilizing the Range of Motion Model, the impairment rating was adjusted for a total of 13%. Dr. Guberman placed Mr. Stover in Lumbar Spine Category III, since he had radicular symptoms with mild atrophy of the right leg, and a decreased reflex in his right Achilles. Dr. Guberman believed that the findings were consistent with the abnormalities at the level and side of the disc protrusion at the L5-S1 level on the MRI. Because Mr. Stover had previously been awarded 8%, Dr. Guberman recommended an additional 5% whole person impairment for the compensable injury.

In a letter/addendum dated September 21, 2021, Dr. Guberman stated that, in his opinion, the diagnosis of radiculopathy of the lumbosacral spine should be considered compensable in the claim. He noted that Mr. Stover had radicular symptoms, including radiating pain into the plantar aspect of his right foot, which is in the right L5-S1 serve root distribution. He also had a decreased right Achilles tendon flexion, which is in the same nerve root distribution, along with measurable atrophy of the right leg. In Dr. Guberman's opinion, Mr. Stover has evidence, including that which is objective, of right L5-S1 radiculopathy. Dr. Guberman also agreed with a referral to a neurosurgeon for further evaluation and treatment.

4

On December 6, 2021, the Office of Judges issued a final decision finding that radiculopathy is unrelated to Mr. Stover's compensable injury and that a neurosurgical referral is not necessary in the claim. The Office of Judges noted that Dr. Mukkamala determined in his November 16, 2020, report that even though Mr. Stover had subjective radicular complaints, there was no objective evidence of radiculopathy. The Office of Judges found that Dr. Guberman did not initially diagnose radiculopathy in his independent medical evaluation. Instead, Dr. Guberman diagnosed the condition in his supplemental report created a month later. The Office of Judges reasoned that the medical evidence of Mr. Stover's spine suggests that it is more likely than not that the radiculopathy is chronic and preexisted the injury. The Office of Judges also found that it is more likely than not that the referral to a neurosurgeon is not warranted because Dr. Guberman determined in his initial report that Mr. Stover was at his maximum degree of medical improvement and no need for further treatment. As a result, the claims administrator orders dated November 25, 2020, January 28, 2021, and February 25, 2021 were affirmed.

In an order dated June 8, 2022, the Board of Review reversed and vacated the December 6, 2021, decision of the Office of Judges. The Board found that the Office of Judges' final analysis and conclusions were affected by error of law and were clearly wrong in view of the reliable, probative, and substantial evidence of the whole record. Specifically, the Board noted that during Mr. Stover's deposition on January 19, 2021, he testified that before the compensable injury he had no difficulties performing his duties; no chronic or ongoing back pain while working; no issues with leg or hip pain, numbness, or tingling in his legs; and he was not missing work because of any physical problems. The claimant testified that since the injury on September 20, 2020, he has had back pain and sharp pains shooting down his leg. It was also noted that Dr. Guberman opined that the diagnosis of radiculopathy of the lumbosacral spine should be considered compensable in the claim, as well as a referral to a neurosurgeon. The Board of Review cited this Court's decision in *Moore v. ICG Tygart Valley*, 247 W. Va. 292, 879 S.E.2d 779 (2022)[2] and concluded that there was no evidence showing that Mr. Stover had radiculopathy prior to the compensable injury and that the evidence establishes that the condition appeared and manifested itself following the compensable injury. As such, the Board held that the evidence established that a causal relationship existed between the compensable injury and the radiculopathy of the lumbar spine. The request to add radiculopathy of the lumbosacral spine as a compensable component of the claim was

---

[2]Syllabus Point 5 of *Moore v. ICG Tygart Valley*, 247 W. Va. 292, 879 S.E.2d 779 (2022) states:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive; it may be rebutted by the employer.

granted. Also, the request for a referral to a neurosurgeon for radiculopathy of the lumbosacral region was granted.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior ruling of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code § 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. of Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

On appeal to this Court, the employer argues that the Board of Review erred in adding radiculopathy as a compensable condition when there is no electromyography ("EMG") report to establish that Mr. Stover has radiculopathy. The employer asserts that, at most, the claim should have been remanded to the claims administrator with an order for an EMG to be performed and an order regarding compensability based upon the findings of the EMG. The employer also maintains that the Board of Review erred in granting a referral to a neurosurgeon as it is not needed because Dr. Mukkamala opined that Mr. Stover has no compensable conditions that are treatable with surgery. Mr. Stover objects to the arguments of the employer and asserts that the Board of Review's findings are both legally and factually correct, and that given the finding of radiculopathy, he is entitled to have medical care related to the condition.

After review, we agree with the findings of the Board of Review that there was no evidence showing that Mr. Stover had radiculopathy prior to the compensable injury and that the evidence establishes that the radiculopathy of the lumbar spine appeared and manifested itself following the compensable injury. Because a causal relationship was established between the compensable injury and the radiculopathy of the lumbar spine, the condition is compensable under *Moore*. Accordingly, the Board of Review properly referred Mr. Stover to a neurosurgeon because his physician opined that the referral is medically necessary and reasonably required under West Virginia Code § 23-4-3(a). For these reasons, we find that the Board of Review's decision is not in clear violation of constitutional or statutory provisions and is not the result of erroneous conclusions of law. Because the medical evidence of record supports the Board of Review's decision, the order dated June 8, 2022, is affirmed.

Affirmed.

**ISSUED: February 20, 2024**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn